# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALEXIS MALDONADO | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| BRIAN COLEMAN, et al. | : | NO. 09-1697 |

## MEMORANDUM RE: PETITION FOR WRIT OF HABEAS CORPUS

**Baylson, J.**                                                                                                           **March 31, 2011**

### I. Introduction

Petitioner Alexis Maldonado filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, raising two grounds for relief. (ECF No. 1) This Court referred the matter to Magistrate Judge L. Felipe Restrepo for a Report and Recommendation ("R & R") on the merits (ECF No. 2).

On August 16, 2010 Judge Restrepo filed his R & R, which recommended that the Petition be dismissed and that a certificate of appealability not issue. (ECF No. 11) On January 3, 2011, Petitioner, after having been granted an extension of time, timely filed objections to the R & R. (ECF No. 19) Included in his objections was a Motion for Leave of Court to Amend Writ of Habeas Corpus (the "Motion for Leave to Amend"). Upon independent and thorough review, and for the reasons stated below, the Court will adopt the R & R, deny the Motion for Leave to Amend, and dismiss the Petition for Writ of Habeas Corpus.

### II. Factual and Procedural Background

Petitioner was convicted in the Court of Common Pleas of Bucks County on August 12, 2004, of second degree murder, eight counts of robbery, 14 counts of criminal conspiracy, one count of theft, one count of receiving stolen property, two counts of simple assault, and two counts of possession of an instrument of crime following a bench trial before the Honorable John J. Rufe.  On September 20, 2004, Petitioner was sentenced to three to five years imprisonment for the robbery and related charges and a consecutive life sentence for the second degree murder charge.

On direct appeal, the Superior Court of Pennsylvania affirmed the judgment of the trial court.  The Supreme Court of Pennsylvania denied allowance of the appeal on July 11, 2006. Commonwealth v. Maldonado, 897 A.2d 519 (Pa. Super.) (table), allocatur denied, 902 A.2d 1240 (Pa. 2006) (table).

On April 20, 2009 Petitioner filed a habeas action pursuant to 28 U.S.C. § 2254, raising two grounds for relief.  The first ground alleged that trial counsel was ineffective for failing to explain to the trial judge that Petitioner could not be convicted of second degree murder unless, at the time of the shooting, he possessed the intent to commit a robbery.  The second ground for relief alleged a due process violation and denial of fundamental fairness based on trial court error.  Petitioner alleges that PCRA counsel should have been barred from withdrawing because he had not amended the PCRA action, had not raised claims requested by Petitioner and had not complied with the mandates of Commonwealth v. Finley, 976 A.2d 1202 (Pa. Super. 2009).

### III. The Parties' Contentions

#### A. Summary of the R & R

In the R & R, Judge Restrepo recommended that Petitioner's habeas petition be denied and that a certificate of appealability not issue. Before addressing the merits, Judge Restrepo determined that, giving Petitioner every benefit of the doubt, the Petition was filed five days before the expiration of AEDPA's limitation period and was therefore considered timely. Moving on to the substantive issues, Judge Restrepo recommended that relief should be denied on the merits as to ground one, which alleged that Petitioner was denied effective assistance of counsel. As to ground two, which alleged a due process violation and denial of fundamental fairness related to PCRA counsel's withdrawal, Judge Restrepo stated that relief for the harm alleged was not cognizable in a federal habeas action.

**B.   Maldonado's Objections**

Petitioner's Objections to the R & R and related Motion for Leave to Amend were dated November 29, 2010, but were not filed with the Court until January 3, 2011. Under Houston v. Lack, 487 U.S. 266 (1988), which was held by the Third Circuit to apply to a pro se prisoner's habeas petition,[1] documents mailed by pro se prisoners are considered filed at the time they are submitted to prison officials for mailing to the district court. Id. at 108. Therefore, the Objections were timely filed.

Petitioner objects to Judge Restrepo's finding that habeas relief should be denied on ground one on the merits. Petitioner simply states that he stands upon the allegations in his initial Petition for Writ of Habeas Corpus as to ground one. In addition, Petitioner is seeking to

---

[1] See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).

3

amend his petition to include the eight "underlying issues, that PCRA counsel abandoned." Pet.'s Objections to R & R ¶ 6.

### C. Government's Response to Maldonado's Request for Leave to Amend

The Government filed its Response in Opposition to Petitioner's Motion for Leave to Amend on January 10, 2011, requesting that the Motion be denied. (ECF No. 18) The Government stated six grounds for denying the Motion. First, the Government contends that Petitioner failed to properly plead, or even identify, his amended claims for relief and/or the facts supporting each new ground. Second, the Government asserts that Petitioner withdrew four of his eight original issues at the PCRA evidentiary hearing and conceded that three of the remaining four claims were without merit. Third, the Government contends that the Motion for Leave to Amend should be denied because it was filed outside the applicable one-year statute of limitations period. Fourth, the Government contends that the Motion should be denied because the amendment does not relate back to the claims in the original Petition. Fifth, the Government contends that the amendment is futile. Finally, the Government contends that the Motion should be denied because Petitioner did not provide an adequate reason for his delay in raising these additional claims.

## IV. Legal Standards

District courts review <u>de novo</u> the portions of the Magistrate Judge's R & R specifically objected to. 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of the portions of the report … to which objection is made."); <u>see also</u> Fed. R. Civ. P. 72. The district court may accept, reject, or modify in whole or in part the Magistrate's findings. 28 U.S.C. § 636(b)(1). Reliance on the findings of the Magistrate is permitted to the extent the

district court deems proper. United States v. Raddatz, 447 U.S. 667, 676 (1980). When reviewing documents filed pro se, a court must keep in mind that such documents are to be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

V. Discussion

    A. Motion for Leave to Amend

        *1. Legal Standard*

The Antiterrorism and Effective Death Penalty Act of 1996 places a one-year limitations period on applications for writ of habeas corpus filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244. The limitations period begins to run upon completion of direct review of the judgment of the state court. Id.

28 U.S.C. § 2242 provides that a habeas petition "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242. The Rules Governing Section 2254 Cases provide that a petitioner must "specify all the grounds for relief available" and "state the facts supporting each ground" in the initial petition. Habeas Corpus Rule 2(c). Under the Federal Rules of Civil Procedure, amendments are said to relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

In Mayle v. Felix, 545 U.S. 644 (2005), the Supreme Court of the United States held that "[a]n amended habeas petition … does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. After Mayle, relation back is

5

appropriate only if the original and amended petitions state claims "that are tied to a common core of operative facts." Id. at 664.

      2.     *Analysis*

Petitioner is attempting to amend his Petition for Writ of Habeas Corpus after the expiration of the one-year limitations period established by AEDPA. While habeas petitions "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions," these amendments must "relate back" to an original claim made in the petition when leave to amend is sought after the statute of limitations has run.[2] Mayle, 545 U.S. at 650. In this case, the issue that the Petitioner is attempting to include in his amendment does not relate back to the original claim made in the petition. Because the amendment does not relate back, and the time period for filing a petition for writ of habeas corpus has expired, the Motion for Leave to Amend cannot be granted.

The Third Circuit has held that an amendment to a petition for writ of habeas corpus can be permitted if the amendment clarifies a claim initially made. United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999). Ultimately, amendments that do not relate back to a claim originally made must be denied. Id. Where, as here, a defendant attempts to insert "an entirely new claim or theory of relief" into the case through amendments made after the passing of the limitations period, such amendments must not be allowed. Thomas, 221 F.3d at 436.

---

[2] The Third Circuit stated that "an amendment which, by way of additional facts, clarifies or amplifies a claim or theory in the petition may, in the Court's discretion, relate back to the date of that petition if and only if the petition was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." United States v. Thomas, 221 F.3d 430, 431 (3d Cir. 2000) (holding that the relation back of amendments provision of Rule 15 of the Federal Rules of Civil Procedure governs habeas petitions).

The Supreme Court addressed the issue of amendments to habeas petitions in Mayle v. Felix. There, the Court held that an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Felix, 545 U.S. at 650. The Court noted that for an amendment to relate back to the initial petition, the claims must arise from a "common core of operative facts uniting the original and newly asserted claims." Id. at 646. The Court highlighted the reality that "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." Id. at 662.[3]

The Third Circuit interpreted Mayle in Hodge v. United States, 554 F.3d 372 (3d Cir. 2009) stating that "[a]fter Mayle, it is apparent that new claims can relate back if they arise from the same conduct, transaction, or occurrence …," but not if they are "'supported by facts that differ in both time and type from those the original pleading set forth.'" Id. at 378 (quoting Mayle, 545 U.S. at 650).

Here, as in Duffus, Petitioner's amendment does not seek to clarify a claim initially made; rather, it seeks to introduce a new theory into the case. Petitioner's original petition stated only that he sought relief due to ineffective assistance of counsel. In outlining the facts related to his

---

[3] In United States v. Duffus, the Third Circuit noted that "in the absence of evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment [or] futility of the amendment,' leave to amend should be freely given." Duffus, 174 F.3d at 337 (alteration in original) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The court also acknowledged that the intent of Congress in establishing the statute of limitations imposed by the AEDPA would be frustrated if additional claims were permitted after the expiration of the limitations period. Id.

claim of ineffective counsel, Petitioner did not mention the claims he is now seeking to add. He merely asserted that his counsel had been ineffective. Relation back is not appropriate where, as here, Petitioner simply asserted as fact that his counsel had been ineffective and offered no evidence in support of this conclusion.

Petitioner had every reason to include the details surrounding his additional claims when he filed his original petition but failed to do so, despite clear instructions to "include all potential claims and supporting facts for which you might desire to seek review because a second or successive habeas corpus petition cannot be filed except under specific and rare circumstances. . . ." Pet. for Writ of Habeas Corpus Instructions ¶ 1. As in Duffus, the Petitioner was aware of the facts he now seeks to add by amendment at the time he filed his original petition, yet he failed to do so.

The amendment Petitioner is seeking does not comply with the standard set forth in Thomas. The amendment is not being sought to clarify the issue of counsel's ineffectiveness; it is being used to insert a new theory or claim into the case. Further, in his Motion for Leave to Amend, Petitioner failed to define specifically what these new claims or theories would be and stated simply that "Petitioner['s] intent was to have the underlying issues, that PCRA counsel abandoned, reviewed…." Pet.'s Objections to Magistrate's R & R ¶ 6.

Similarly, the proposed amendment does not comply with the standard for relation back set forth by the Supreme Court in Mayle. According to the Court, for relation back to be appropriate in the context of amendments to habeas petitions, the amendment must not assert a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth. Mayle, 545 U.S. at 650. In the present case, the claims of ineffective

8

assistance of counsel and the claims sought to be added through amendment differ in both time and type. Therefore, relation back is not appropriate and the Motion for Leave to Amend should be denied.

This case can be distinguished from Hodge, where the Third Circuit held that relation back was appropriate. In Hodge, the petitioner's claims of ineffectiveness of counsel and right-to-appeal were directly related; the ineffectiveness of the petitioner's counsel caused the right-to-appeal claim and the same set of facts could be used to prove both claims. Hodge, 554 F.3d at 378. In this case, Petitioner makes no showing that the facts supporting his ineffectiveness of counsel claim are in any way related to the additional claims he is seeking to add through amendment.

### B. Ineffective Assistance of Counsel Claim

*1. Legal Standard*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132 (Apr. 26, 1996), federal habeas relief is not available to a person in custody pursuant to state judgment based on:

> [A]ny claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court interpreted this standard in Williams v. Taylor, 529 U.S. 390, 402 (2000). In Williams, the Supreme Court granted habeas relief to a defendant due to ineffective

assistance of counsel during the sentencing phase of his trial. Id. at 363. In its opinion, the Supreme Court interpreted the language of § 2254(d) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13.

The Third Circuit in Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 892 (3d Cir. 1999) interpreted Williams v. Taylor. In Matteo, the court held that the "unreasonable application" provision is met if the "state court judgment rests upon an objectively unreasonable application of clearly established Supreme Court jurisprudence." Id. at 880.

The Third Circuit has held on numerous occasions that Pennsylvania's law regarding ineffective assistance of counsel claims is not contrary to, but rather in line with, the standard set out by the Supreme Court. See Jacobs v. Horn, 395 F.3d 92 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178 (3d Cir. 2008).

   2.   *Analysis*

Petitioner did not present a valid claim for ineffective assistance of counsel and therefore his petition for writ of habeas corpus should be denied. A successful claim of ineffective assistance of counsel requires satisfaction of both prongs of a two-part test. Strickland v. Washington, 466 U.S. 683, 687 (1984). First, the petitioner must show that the assistance received by counsel was deficient. Id. The second prong of the test requires a showing that the deficient performance resulted in a prejudice to the defense. Id. Petitioner failed to show that

10

counsel was deficient or that any deficiency resulted in a prejudice to the defense.

With respect to the deficiency prong, the defendant must show that counsel made errors so serious that the defendant was effectively denied the counsel guaranteed by the Sixth Amendment. Id. Counsel's performance should be evaluated under a highly deferential standard of objective reasonableness. Id. at 687-89.

The Supreme Court recently highlighted this highly deferential standard. In Premo v. Moore, the Court held that "[i]n determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel." Premo v. Moore, 131 S. Ct. 733, 741 (2011) (citing Lockhart v. Fretwell, 506 U.S. 364, 372 (1993)). Similarly, in Harrington v. Richter, decided the same day, the Court held that, "[w]hen § 2254 applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 131 S. Ct. 770, 788 (2011).

The second prong of the two-part test requires that the defendant show that counsel's deficient performance actually prejudiced the defense. Strickland, 466 U.S. at 692. This requirement cannot be satisfied by a mere showing that counsel's deficient performance had some conceivable outcome on the proceeding. Id. at 693. Rather, there must be a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Third Circuit interpreted <u>Strickland</u> in <u>Affinito v. Hendricks</u>, 366 F.3d 252, 258 (3d Cir. 2003). In holding that counsel's assistance was in fact deficient, the court described counsel's failure to provide an expert psychiatric witness with a complete record of the defendant's statements as "gross incompetence" and stated that his decision "defie[d] logic." <u>Id.</u> at 260. Despite this finding that counsel's performance was deficient, the court held that this deficiency did not warrant a granting of habeas relief because the deficiency did not adequately prejudice the defense. <u>Id.</u> at 261.

As discussed above, the standard applied by the state court in this case was not contrary to Supreme Court precedent. Furthermore, Petitioner has failed to show that the standard was unreasonably applied to the facts of this case. Petitioner alleges that his counsel was ineffective in failing to instruct the trial judge that Petitioner could not be found guilty of second degree murder unless, at the time of the shooting, he possessed the intent to commit a robbery. Upon review, the Superior Court of Pennsylvania found that "the facts of the record clearly support[ed] a finding that [Petitioner] and his accomplice committed the homicide during the course of a robbery." Pa. Super. Ct. Op. filed 12/10/08, at 8. Because it found that Petitioner's ineffective assistance claim was based on a meritless argument, the Superior Court properly ruled against Petitioner.

The findings of the Superior Court cannot be said to be unreasonable. It was not unreasonable for the court to find that counsel's performance was not a manifest deficiency in light of the facts known at the time of the trial. Given the facts of the case, the Superior Court properly applied the correct federal law in analyzing Petitioner's claim.

**VI.  Conclusion**

For the foregoing reasons, the Court will adopt the R & R and dismiss the Petition for Writ of Habeas Corpus. The Motion for Leave to Amend will be denied. The Court concludes there is no basis for issuance of a certificate of appealability. An appropriate Order will follow.

O:\CIVIL 09-10\09-1697 Maldonado v. Coleman\Maldonado - Mem deny petition.wpd